UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL CHAIM SHLOMO FISCHER, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:10-cv-00868 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| MAGYAR ÁLLAMVASUTAK ZRT., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Paul Chain Shlomo Fischer, ("Plaintiff") filed a motion to reopen case and file second amended complaint. The Court heard oral arguments on the motion on September 15, 2025. For the reasons set forth below, the Court denies Plaintiff's motion [175].

**BACKGROUND**

This case has a near fifteen-year history with this Court. For the sake of efficiency, the Court will outline the procedural background of this case as it relates to the pending motion.

In 2010, Plaintiff, along with other individuals, filed this action against Defendant Magyar Államvasutak Zrt. ("Defendant") seeking relief for the unlawful taking of property under international law during World War II. (Dkt. 1). Since the Foreign Sovereign Immunities Act ("FSIA") prohibits a federal court from exercising jurisdiction over a foreign sovereignty for claims that did not occur in the United States, Plaintiff asserts his claims under the FSIA's expropriation exception based on Defendant's role in expropriating money and other property from Hungarian Jews during World War II.

The Court denied Defendant's motion to dismiss, which the Seventh Circuit vacated and remanded. *Abelesz v. Magyar Nemzeti Bank*, 692 F.3d 661, 697 (7th Cir. 2012). In its ruling, the Seventh

1

Circuit instructed "plaintiffs [to] either exhaust any available Hungarian remedies identified by [Defendant] or present to the district court a legally compelling reason for their failure to do so." *Abelesez,* 692 F.3d at 666. On remand, this Court again dismissed the action, finding that "[p]laintiffs fall short of providing a legally compelling reason for not pursuing their remedies in Hungarian courts, and [p]laintiffs have not convincingly shown that the Hungarian courts are clearly a sham or inadequate, or that such court proceedings will be unreasonably prolonged." *Fischer v. Magyar Államvasutak Zrt.,* No. 10 C 868, 2013 WL 4525408, at *1 (N.D. Ill. Aug. 20, 2013) (Der-Yeghiayan, J.), *aff'd,* 777 F.3d 847 (7th Cir. 2015). The Seventh Circuit affirmed the dismissal. *Fischer v. Magyar Államvasutak Zrt.,* 777 F.3d 847, 872 (7th Cir. 2015) ("Because plaintiffs have not exhausted their Hungarian remedies and have not yet provided a legally compelling reason for their failure to do so, their claims against the national defendants were properly dismissed without prejudice.").

In June 2017, non-party Iren Gitta Kellner ("Kellner") filed a motion to reopen the case based on her failed attempts to pursue her claims in Hungarian courts. (Dkt. 131) The Court denied the motion, finding that Kellner did not have standing to reopen the case because she was not a named plaintiff nor a "class member" in an action where no class was certified. (Dkt. 139). The Seventh Circuit dismissed the appeal for lack of subject matter jurisdiction, noting that, among other things, the District Court will need to consider whether Kellner's attempts to pursue her claims in Hungary were sufficient to satisfy the obligations of Plaintiffs to exhaust their remedies. *Fischer v. Magyar Államvasutak Zrt.,* 892 F.3d 915, 919 (7th Cir. 2018).

In 2019, Plaintiff filed a motion to reopen the case, arguing that Kellner's unsuccessful efforts in pursuing her claims in Hungary satisfied the Seventh Circuit's directive that Plaintiff pursue his claims in Hungary or demonstrate a "legally compelling reason" for failing to do so. (Dkt. 163). On reply, Plaintiff argued that amendment would not be futile based on significant developments in relevant law since the Seventh Circuit's opinion. Specifically, Plaintiff asserted that the Seventh Circuit

2

erred in concluding that exhaustion was required as a matter of international comity before a Court could exercise jurisdiction over a foreign sovereignty pursuant to an FSIA exception, acknowledging that the Supreme Court was set to address this issue of exhaustion in *Phillipp v. Federal Republic of Germany* and *Simon v. Republic of Hungary*. (Dkt. 167). After the motion was fully briefed, the Court directed the parties to file a joint status report "concerning the status of the petition for a writ of certiorari in Republic of Hungary v. Simon (18-1447)." (Dkt. 169). Following the submission of the joint status report, the Court denied the motion, reasoning that the question of whether a court may invoke the doctrine of international comity to abstain from exercising jurisdiction under the FSIA was set to be presented to the Supreme Court in *Phillipp v. Federal Republic of Germany* and *Simon v. Republic of Hungary* ("*Simon I*") and the outcome of these decisions could have "direct ramifications to this lawsuit and controlling Seventh Circuit case law." (Dkt. 171). Plaintiff did not appeal the ruling.

After the Supreme Court issued its rulings in *Phillip* and *Simon I*, Plaintiff filed a Notice of Decision with this Court, admitting that neither case resolved the issue of exhaustion. (Dkt. 173) ("Therefore, the Plaintiffs herein are still required to plead and prove, as a matter of international comity, that they have exhausted Hungarian remedies in order to proceed before this Court."). Rather, *Phillip* (and *Simon I*, which was remanded for proceedings consistent with *Phillip*) directed that "courts considering Holocaust era claims are now required to consider whether plaintiffs were foreign nationals at the time of the governmental taking." (*Id.*) There was no comment on the exhaustion requirement.

The Supreme Court again granted certiorari in the *Simon* matter. The decision addressed whether a commercial nexus with the United States could be satisfied solely based on the commingled proceeds "from [stolen] property with money in a government treasury account, and then used, decades later, funds from that account in connection with commercial activity in the United States"

3

to satisfy the expropriation exception to the FSIA. *Republic of Hungary v. Simon*, 604 U.S. 115, 118, 145 S. Ct. 480, 221 L. Ed. 2d 1 (2025) ("*Simon II*"). The Supreme Court held it did not. *Id.* at 139.

**DISCUSSION**

Plaintiff's four-paragraph motion requests that the Court reopen the case and allow Plaintiff to file a Second Amended Complaint following the Supreme Court decisions in *Phillip* and *Simon II*. Strikingly missing from Plaintiff's argument is any legal basis upon which the Court moves to reopen the case. The motion cites no legal standard to allow the Court to address the merits of the motion. Nor does Plaintiff make any argument as to how the *Phillip* and *Simon II* decisions provide a basis for reopening the case, much less how the decisions have "direct ramifications to this lawsuit and controlling Seventh Circuit case law" that would provide a legitimate reason for reopening a nearly 15-year-old lawsuit. Instead, Plaintiff merely attaches the opinions to his motion without any explanation as to their relevance.

Plaintiff's motion also requests the Court permit Plaintiff to file a Second Amended Complaint. The motion states that Plaintiff is "prepared to file a Second Amended Complaint in accord with the requirements in *Phillip* and *Simon [II]*." (Dkt. 175). To start, the request is wholly improper. The Federal Rules of Civil Procedure require a party to request leave of court when seeking to file an amended complaint after service of a responsive pleading "only with the opposing party's written consent of the court's leave." Fed. R. Civ. P. 15(a). As Defendant opposes the amendment, Plaintiff was required to seek leave of the Court to file the Second Amended Complaint but failed to do so.

Furthermore, Plaintiff fails to show "extraordinary circumstances" to permit the reopening of a case under Rule 60(b)(6). The Supreme Court affirmed the Rule 60(b) should only be applied in "extraordinary circumstances" and that changes in intervening law generally do not qualify as "extraordinary circumstances." *BLOM Bank SAL v. Honickman*, No. 23-1259, 605 U.S. ___, 145 S.

4

Ct. 1612, 2025 WL 1583305, at *5, *7 (June 5, 2025). The Seventh Circuit has found that Rule 60(b) applies to cases dismissed without prejudice. *See, e.g., Prince v. Stewart,* 580 F.3d 571, 573 (7th Cir. 2009) (finding Rule 60(b)(6) is "broad enough . . . to encompass the reopening of a proceeding that had been dismissed without prejudice"). This case has been dismissed without prejudice and appealed to the Seventh Circuit multiple times. Thus, Rule 60(b) governs this action and Plaintiff's failure to develop any argument under Rule 60(b) to support the reopening of this case is detrimental to his motion.[1]

Notably, Plaintiff's motion does not attach the proposed amended complaint he seeks to file. On reply, Plaintiff argues that the amended complaint he wishes to file is the Second Amended Complaint, which was attached to the previous motion to reopen. (Dkt. 184). However, the Court denied the prior motion to reopen. (Dkt. 171). Because the motion was denied, the rational conclusion is that any exhibit attached to the motion, here, the Second Amended Complaint, was denied as well and, despite Plaintiff's contention, is no longer "before the Court." (*See* Dkt. 184).

What's further puzzling is Plaintiff's argument that the Second Amended Complaint should be accepted by the Court, despite Plaintiff's motion stating that Plaintiff is prepared to file an amended complaint "in accord with the requirements in *Phillip* and *Simon [II].*" Clearly, *Phillip* and *Simon II* were decided after Plaintiff submitted the Second Amended Complaint. As the Court denied Plaintiff's previous motion to reopen based on the possibility that *Phillip* and *Simon II* could have "direct ramifications to this lawsuit and controlling Seventh Circuit case law," (Dkt. 171), Plaintiff's intention to file the same complaint that was presented to this Court prior to the *Phillip* and *Simon II* decisions

---

[1] Nor does Plaintiff offer any argument as to how non-party Kellner's "exhaustion" attempts could either (1) be attributed to Plaintiff to satisfy his exhaustion efforts or (2) how these exhaustion efforts, or failure to do so, satisfy the "extraordinary circumstances" to permit the reopening of the case under Rule 60(b). While Plaintiff references statements in the Second Amended Complaint to support the "exhaustion" requirement as the basis for reopening this case, the motion is completely void of any argument to show the existence of "extraordinary circumstances," much less argument that non-party Kellner's exhaustion efforts support such finding. Even so, this argument presents a significant hurdle: Kellner is a non-party to this action who has a distinct background and set of experience from Plaintiff. And here, Plaintiff filed this motion to reopen the case solely on his own behalf, not on behalf of Kellner.

5

makes the Court question whether there is a basis for moving to reopen the case as result of the *Phillip* and *Simon II* decisions. The Court's ruling denying the prior motion to reopen was clear: based on the parties' representations in the joint status report, because these cases may have "direct ramifications" on this matter depending on the Supreme Court's resolution of whether the doctrine of international comity (which supported the Seventh Circuit's determination that exhaustion was a prerequisite to asserting claims pursuant to the FSIA expropriation exception) would allow a court to abstain from exercising jurisdiction under FSIA, the Court denied the motion.

The Seventh Circuit has unequivocally held that a party's failure to develop an argument with citation to legal authority constitutes as waiver. *R.J. Reynolds Tobacco Co. v. Cigarettes Cheaper!,* 462 F.3d 690, 701 (7th Cir.2006) ("The arguments are undeveloped (not a single case is cited, and the brief does not explain why the district judge rules as he did) and forfeited.")(parenthesis in original); *Weinstein v. Schwartz,* 422 F.3d 476, 477 n. 1 (7th Cir. 2005); *Kramer v. Banc of Am. Sec., LLC,* 355 F.3d 961, 964 n. 1 (7th Cir. 2004) ("We have repeatedly made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).") Plaintiff's motion cites no legal standard and lacks the requisite legal authority to support its request to reopen this case. Furthermore, Plaintiff offers no facts to allow the Court to reopen the matter under Rule 60(b). Plaintiff's motion is utterly insufficient and falls far short of providing the bare minimum requirements that must be asserted in every motion.

**CONCLUSION**

For these reasons, the Court denies Plaintiff's motion to reopen case [175].

**IT IS SO ORDERED.**

Date: 9/16/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge